## WADHAMS v. VANDERWORKEN.

A blank indorsement can extend to no note but that on which it . is made — that it extends only to a power to collect and convert the money, and that the same is due.

ERROR against a judgment of the County Court in an action brought by Vanderworken v. Wadhams, declaring that on the 1st of January A. D. 1788, the defendant sold and assigned to him two notes of hand against John Grant, both dated the 16th of October A. D. 1782, for the sum of £2 each; one payable the 1st of January the other the 1st of March next after their date, and warranted them to the plaintiff, which assignment is as follows, viz. I the subscriber for value received, do sell and convey the within notes of hand, to John Albert Vanderworken, and do warrant the same to be due, and if the within promisor, is not able to pay the contents, I promise to pay the same; and I do empower said Vanderworken to collect the same; which payment is to be made in a reasonable time, with interest, John Wadhams.

That said Grant was bankrupt and not able to pay anything; that the defendant had been notified thereof, and had not kept and performed his said warranty. Damage £10.

Plea — That the power of attorney and warranty was not the act and deed of the defendant. Issue to the jury.

Verdict — That said power of attorney and warranty was the act and deed of the defendant; and the jury found for the plaintiff £6 3s. damages, etc.

In this case the following bill of exceptions was filed and allowed by the judge, viz. That said two notes were wrote on one piece of paper; that the defendant wrote his name *blank* near the top of the paper, on the back of one of said notes; that said indorsement was wrote and filled up in court when said cause was upon trial before the jury, by the plaintiff's attorney; that the defendant offered witnesses to prove that when he wrote his name on said paper he wrote it blank, and that the defendant received it only as a carrier to collect the money due on said notes for the defendant; and that it was the express agreement of plaintiff and defendant, that no other use should be made of his name signed as aforesaid, but to write a simple power of attorney over it; which evidence said court refused to admit, and gave judgment for the plaintiff.

General errors assigned — And specially for not admitting said testimony.

Judgment — Manifest error.

By the Court. A blank indorsement upon the back of a note of the promisee's name, cannot operate as an assignment of any other note than that on the back of which it is written, although there be other notes writen upon the same piece of paper; and that a blank indorsement at most, only gives the indorsee authority to write over it a power to collect it, and an assignment of the property with a warranty that the money is due. As to whether the County Court erred in not admitting parol testimony for the purpose mentioned in the bill of exceptions, this court made no determination.